# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRETHREN MUTUAL INSURANCE COMPANY,** | : | No. 3:04cv1509 |
| **Plaintiff** | : | (Judge Munley) |
| v. | : | |
| **JOHN THOMAS and BONNIE THOMAS,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Before the court for disposition is United States Magistrate Judge Thomas M. Blewitt's report and recommendation suggesting that the defendants' motion for summary judgment be denied. The defendants have filed objections to the report and recommendation. For the following reasons, we will adopt the report and recommendation and deny the motion for summary judgment.

**Background**[1]

John and Bonnie Thomas, husband and wife, (hereinafter "defendants" or "insureds") owned a dwelling located at RR # 2, Box 2327A, Factoryville, Pennsylvania. On January 14, 2004, a fire destroyed the dwelling and the defendants' personal property located therein. Defendants insured the property through Plaintiff Brethren Mutual Insurance Company (hereinafter "Brethren" or "plaintiff"). Defendants submitted a claim to Brethren for the fire loss. They provided plaintiff with an estimate to rebuild the dwelling and a list of the contents that they lost in the fire.

Plaintiff investigated the loss through licensed private investigators Beiber & Associates. Fire investigator Alex Profka opined to plaintiff that the fire was

---

[1]These brief background facts are derived mainly from the defendants' statement of material facts and the plaintiff's response thereto. (Doc. 29, Doc. 47). Citations to the record have been omitted as all the background facts that we set forth are undisputed.

electrical in nature.  Profka also conducted a tape recorded interview with Plaintiff John Thomas regarding the loss and the insurance claim.

At Brethren's request, defendants appeared on February 16, 2004 for an examination under oath regarding estimates to rebuild the dwelling and the contents lost in the fire.

On April 21, 2004, defendants submitted statements to an independent adjuster at Brethren's.  During this interview, the defendants made it clear that they had provided all information that they had regarding the dwelling and contents lost to the fire.

Subsequently, Brethren requested that the defendants appear for supplemental examinations under oath in order to address questions regarding aspects of the claim including:  the building, contents and additional living expense.  Plaintiff sent the demand that the defendants appear to the defendants' attorney.  This would have been the fourth time Brethren questioned the defendants regarding the insurance claim.  Defendants did not submit to the supplemental examinations under oath, and the plaintiff filed the instant complaint for declaratory judgment.

Plaintiff's lawsuit asserts a breach of contract.  It asserts that the insurance contract requires the insureds to submit to supplemental examinations under oath and that the defendants' refusal to do so is a breach of contract.  Plaintiff avers that because of this breach of contract, no coverage is due on defendants' insurance claim.  Plaintiff requests the court to declare that coverage does not exist for the defendants' claim and to award plaintiff the amounts already paid out, along with costs, attorneys fees and delay damages.

In its answer, the defendants filed a counterclaim asserting breach of contract and bad faith.  At the close of discovery, the defendants moved for

summary judgment.[2]  Magistrate Judge Blewitt, who had been assigned the case for pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A), recommends denial of the motion for summary judgment.  The defendants object to this recommendation, bringing the case to its present posture.

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332.  The plaintiff is a Maryland corporation with a principal place of business in Hagerstown, Maryland, and the defendants are citizens of Scranton, Pennsylvania.   (Doc. 1, Compl. ¶ 3, 4).  Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Standard of review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made.  28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  Id.

Magistrate Judge Blewitt's report and recommendation suggests a disposition for a motion for summary judgment.  Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions

---

[2]The briefs regarding the motion for summary judgment do not discuss defendants' bad faith counterclaim, therefore, we will not address it.

on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**Discussion[3]**

---

[3] Defendants request that the court hold oral argument on their objections to the report and recommendation. (Doc. 51, Objection at 3). The discretion to

The report and recommendation concludes that genuine issues of material fact are present in the case.  These issues involve whether the insureds' failure to attend their supplemental examinations under oath was a failure to fully comply with the policy's requirement that they cooperate in the investigation of their fire loss claim, and whether defendants' failure to attend was a substantial breach of the policy which caused prejudice to the plaintiff.  In light of these disputed factual issues, Magistrate Judge Blewitt recommends that summary judgment be denied.

Plaintiff asserts that it need not pay benefits under the policy because of the insured's refusal to cooperate in the insurance investigation.  Particularly, the insurance policy provides that the insureds must "as often as [Brethren] reasonably require[s]. . . submit to an examination under oath, while not in the presence of any other named insured, and sign the same."  (The Insurance Policy, attached to doc. 3, defendants' Answer to the Complaint at Sec. I-Conditions, ¶ 2(d)).  It is undisputed that the defendants refused to provide the second examination under oath that the plaintiff requested.

An insured's breach of the duty to cooperate with an insurance investigation may relieve the insurer from liability under Pennsylvania law.  Forest City Grant Liberty Assocs. v. Genro II, Inc., 652 A.2d 948, 951 (Pa.

---

hold oral argument rests entirely with district court.  Biesenbach v. Guenther, 588 F.2d 400, 402 (3d Cir. 1978); Government of Virgin Islands v. Innovative Communications Corp., 215 F. Supp. 2d 603, 606 n.1 (D.V.I. 2002), FED. R. CIV. P. 78 ("To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition.").  We find no reason to hold oral argument on this case as both parties have had sufficient opportunity to brief the matter and raise any pertinent argument.  Furthermore, Magistrate Judge Blewitt heard argument on this case before drafting his report and recommendation.

Super. Ct. 1995). To be relieved from liability, however, the insurer must establish that the failure to cooperate was "substantial" and caused prejudice to the insurer. Id. "Whether there has been a material breach of an insured's duty to cooperate is a question for the finder of fact. Id.

In the instant case, the defendants had a duty under the contract to submit, as many times as reasonably necessary, to examinations under oath. There is no dispute that the defendants refused to submit to the second requested examination under oath. Therefore, the question becomes whether the second examinations were reasonably required. If they were reasonably required, then no question exists but that the defendants breached the contract, and the question then becomes whether the breach is material. For the breach to be material, the defendant must establish prejudice. Id. Defendants' position is that the plaintiff has presented no evidence of prejudice and therefore, summary judgment in their favor is appropriate. After a careful review, we disagree.

A correspondence from Brethren to defendants' counsel explained the issues that would be explored at the second statement under oath. These include: questions that arose regarding the contents claim and the submission of the defendants; the building plans submitted by the defendants that did not appear to be consistent with the structure that was insured and destroyed by the fire and money claimed by the defendants as "additional living expenses." (Pl. Ex. E). Also, in his deposition, the insurance company's independent adjuster indicated that questions arose after the original examination under oath regarding the place of purchase of certain personal property, the amount of times purchased and their cost. (Pl. Ex. C, Harding Dep. 162). Thus, the factfinder may find that the insurance company was prejudiced by not having sufficient information for its independent adjuster.

Defendants' position is that they provided all the information that they had, and no need existed for a second examination under oath. The jury may agree with the defendants, but we may not make such a determination as a matter of law. The presence of factual issues in the instant case is apparent. As set forth above, the factfinder must determine if plaintiff's request was reasonable, then if it was reasonable, the factfinder must determine if the defendants' breach of the contract was material. Summary judgment, therefore, is inappropriate, and the defendants' motion for summary judgment will be denied, and the report and recommendation will be adopted.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRETHREN MUTUAL INSURANCE COMPANY,** | : | **No. 3:04cv1509** |
| **Plaintiff** | : | **(Judge Munley)** |
| v. | : | |
| **JOHN THOMAS and BONNIE THOMAS,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, to wit, this 14th day of August 2006, it is hereby **ORDERED** as follows:

1) The defendants' objections to the report and recommendation (Doc. 50) are **OVERRULED**;

2) The report and recommendation of May 30, 2006 (Doc. 48) is **ADOPTED**; and

3) The defendants' motion for summary judgment (Doc. 28) is **DENIED**.

                                                    **BY THE COURT:**

                                                    **s/ James M. Munley**
                                                    **JUDGE JAMES M. MUNLEY**
                                                    **United States District Court**